# Supreme Court of Florida

————

No. SC2025-1172

————

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR - SUBSTANCE USE TERMINOLOGY.**

April 16, 2026

PER CURIAM.

The Florida Bar petitions this Court to amend Rules Regulating The Florida Bar 2-3.2 (Powers), 2-9.11 (Assistance to Members Suffering From Impairment Related to Chemical Dependency or Psychological Problems), 3-7.1 (Confidentiality), 3-7.10 (Reinstatement and Readmission Procedures), 6-10.3 (Minimum Continuing Legal Education Standards), and 21-3.1 (Continuing Legal Education). We have jurisdiction. *See* art. V, § 15, Fla. Const. The Bar's proposals were approved by the Board of Governors. In accordance with rule 1-12.1(g), the Bar published formal notice of its intent to file this petition in *The Florida Bar News*, and the notice directed interested parties to file comments directly with the Court. No comments were received.

Having considered the Bar's petition, we adopt the amendments to replace references to "chemical dependency" with "substance use disorder," and references to "psychological problems" with "mental health conditions."  In addition, subdivision (d)(11) of bylaw 2-3.2 is amended to provide that the Board of Governors may establish "a program for providing enhanced opportunities and participation in the profession."  Finally, we amend bylaw 2-9.11 to update the title and to reflect that "[f]unding must satisfy the restrictions applicable to Florida Bar mandatory and voluntary bar groups in the Standing Board Policies."

Accordingly, we amend the Rules Regulating The Florida Bar as set forth in the appendix to this opinion.  Deletions are indicated by struck-through type, and new language is indicated by underscoring.  The amendments become effective June 15, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
TANENBAUM, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

TANENBAUM, J., dissenting.

These changes to some of our bar rules (save one[1]) appear to mirror several of those that the American Psychiatric Association ("APA") made to its *Diagnostic and Statistical Manual of Mental Disorders—Fifth Edition* ("DSM-5"), ostensibly as part of that organization's larger "destigmatization" campaign.[2]  We should not be outsourcing our rule revisions to organizations like the APA.[3]

The rules are statements of *our* policy governing matters under our administrative control.  If the text being amended truly has caused some operational problem—say, the text is too broad or too narrow to fully accomplish our policy objectives—we should carefully consider that issue and make amendments that will

---

1.  See the change to bar-regulation rule 2-3.2(d)(11).

2.  *See* Am. Psychiatric Ass'n, *Stigma, Prejudice and Discrimination Against People with Mental Illness* (2024), https://www.psychiatry.org/patients-families/stigma-and-discrimination.

3.  Relatedly, I note that, with this latest edition, the APA switched from its decades-old tradition of using Roman numerals for the edition number to an Arabic numeral.  The stated reason for this: to designate the manual "as a 'living document.' "  DONALD W. BLACK & JON E. GRANT, DSM-5 GUIDEBOOK, at xii (2014).  Under the current approach, we could be frequently amending these rules to keep up with the APA's ever-changing manual.

address it most effectively.  The bar, in proposing these changes, offers no such policy justification, instead explaining the changes in terms of the latest language aesthetics, as determined by the APA.  I fear this approach will lead to unintended (or unconsidered) policy consequences.[4]

Speaking of operational problems, The Florida Bar—under the aegis of this court—spends nearly $1 million a year on the programs mentioned in the amendments (*i.e.*, those addressed to lawyers' substance abuse and mental health challenges).  These funds come from the money that lawyers and judges alike are compelled to pay, respectively, to keep their license or to maintain their commissions' validity.  Yet the overall utilization of those programs clocks in at under one percent of the 115,000 lawyers and judges who make up the bar and are compelled to pay its dues.

---

4.  For instance, will changing "chemical dependency" to "substance use disorder" in bar-regulation rules 2-3.2 and 2-9.11 expand or limit eligibility for the program referenced?  Same with changing "drug or alcohol dependency" to "substance use disorder" in rule 3-7.10: Will the change make "disqualifying conduct" more expansive, or less?  It is hard for us to say because these changes did not develop internally to address an operational problem— instead, coming from an external source, one not tasked like we are with regulating a bar.

And most of those using the programs do so as part of some disciplinary sanction. To be good stewards of these funds, as part of our ongoing bar-reform efforts, we should consider scrapping rules 2-3.2(d)(10) and 2-9.11 entirely, rather than make ostensibly aesthetic changes to them. Indeed, this consideration would include further studying the extent to which illegal drug use, misuse of legal drugs, alcohol abuse, and mental health problems affect Florida legal practice, which we are charged with regulating. Then we can develop a more cost-effective program that better meets our regulatory obligation.

Original Proceeding – Florida Rules Regulating The Florida Bar

Rosalyn Sia Baker-Barnes, President, Michael Fox Orr, President-elect, Joshua E. Doyle, Executive Director, Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, and Kelly N. Smith, Senior Attorney, The Florida Bar, Tallahassee, Florida,

   for Petitioner

**APPENDIX**

**BYLAW 2-3.2.     POWERS**

**(a)**  [No Change]

**(b)  Nomination and Appointment by Board.**  The board of governors may make nominations to or appointments to associations or other entities as required by the Rules Regulating The Florida Bar, this chapter, and any rules or policies adopted by the board of governors in accordance ~~there~~with these rules or as required by law.

**(c)**  [No Change]

**(d)  Programs.**  The board of governors may establish, maintain, and supervise:

(1)-(9)  [No Change]

(10)  a program or funding for a program to provide for identification of and assistance to members of The Florida Bar who suffer from impairment related to ~~chemical dependency~~substance use disorder or ~~psychological problems~~mental health conditions;

(11)  a program for providing enhanced opportunities and participation in the profession ~~to minority members of the bar~~;

(12)-(13)  [No Change]

**BYLAW 2-9.11.     ASSISTANCE TO MEMBERS SUFFERING FROM IMPAIRMENT RELATED TO ~~CHEMICAL DEPENDENCY~~SUBSTANCE USE DISORDER OR ~~PSYCHOLOGICAL PROBLEMS~~MENTAL HEALTH CONDITIONS**

The Florida Bar ~~shall~~will create or fund a program for the identification of its members who suffer from impairment related to ~~chemical dependency or psychological problems~~substance use disorder or mental health disorder that affect their professional

performance or practice of law, and the assistance of those members in overcoming ~~such dependency or problems~~these disorders to improve their provision of legal services to clients. Funding must satisfy the restrictions applicable to Florida Bar mandatory and voluntary bar groups in the Standing Board Policies.

**RULE 3-7.1.     CONFIDENTIALITY**

**(a)-(i)**  [No Change]

**(j)  ~~Chemical Dependency and Psychological~~ Substance Use Disorder and Mental Health Treatment.**  That a lawyer, judge, or justice has voluntarily sought, received, or accepted treatment for ~~chemical dependency~~substance use or ~~psychological problems~~mental health disorders is confidential and will not be admitted as evidence in disciplinary proceedings under these rules unless agreed to by the lawyer, judge, or justice who sought, received, or accepted the treatment.

For purposes of this subdivision, a lawyer, judge, or justice is deemed to have voluntarily sought, received, or accepted treatment for ~~chemical dependency~~substance use or ~~psychological problems~~mental health disorders if the lawyer, judge, or justice was not under compulsion of law or rule to do so, or if the treatment is not a part of conditional admission to The Florida Bar or of a disciplinary sanction imposed under these rules.

It is the purpose of this subdivision to encourage lawyers, judges, and justices to voluntarily seek advice, counsel, and treatment available to lawyers, judges, and justices, without fear that the fact it is sought or rendered will be admitted as evidence in disciplinary proceedings under these rules.

**(k)  Response to False or Misleading Statements.**  If public statements that are false or misleading are made about any otherwise confidential disciplinary case, The Florida Bar may disclose all information necessary to correct ~~such~~the false or misleading statements.

**(*l*)-(m)**  [No Change]

## RULE 3-7.10.  REINSTATEMENT AND READMISSION PROCEDURES

**(a)-(e)**  [No Change]

**(f)  Referee Hearing Determining Fitness.**  The referee to whom the petition for reinstatement is referred must conduct the hearing as a trial, in the same manner, to the extent practical, as provided elsewhere in these rules.  The referee may not refer the petition to civil or grievance mediation. The referee must decide the petitioner's fitness to resume the practice of law.  In making this determination, the referee will consider whether the petitioner has engaged in any disqualifying conduct, the character and fitness of the petitioner, and whether the petitioner has been rehabilitated, as further described in this subdivision.  All conduct engaged in after the date of admission to The Florida Bar is relevant in proceedings under this rule.

(1)  *Disqualifying Conduct.*  A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of a petitioner may constitute a basis for denial of reinstatement.  The following are considered disqualifying conduct:

(A)-(J)  [No Change]

(K)  evidence of ~~drug or alcohol dependency~~substance use disorder;

(L)-(P)  [No Change]

(2)-(4)  [No Change]

**(g)  Hearing; Notice; Evidence.**

(1)-(4)  [No Change]

(5)  *Evidence of Treatment or Counseling for ~~Dependency~~Substance Use Disorder or Other Medical Reasons.*  If the petitioner has sought or received treatment or counseling for

chemical or alcohol dependency~~substance use disorder~~ or for other medical reasons that relate to the petitioner's fitness to practice law, the petitioner must waive confidentiality of that treatment or counseling to evaluate the petitioner's fitness. The provisions of rule 3-7.1(d) apply to information or records disclosed under this subdivision.

**(h)-(n)** [No Change]

### Comment
[No Change]

### RULE 6-10.3.   MINIMUM CONTINUING LEGAL EDUCATION STANDARDS

**(a)** [No Change]

**(b)  Minimum Hourly Continuing Legal Education Requirements.** Every member must complete a minimum of 30 credit hours of approved continuing legal education activity every 3 years. At least 3 of the 30 credit hours must be in approved technology courses. At least 5 of the 30 credit hours must be in approved legal ethics, professionalism, substance ~~abuse~~use disorder, or mental health and wellness courses; as part of the 5 credit hours, each member must complete, during each reporting cycle, the 2-credit hour Florida Legal Professionalism course produced by The Florida Bar and approved by the Supreme Court of Florida. Completion of the basic skills course that is certified as including the curriculum of the court-approved Florida Legal Professionalism course complies with the 2-credit hour professionalism requirement. If a member completes more than 30 credit hours during any reporting cycle, the excess credits cannot be carried over to the next reporting cycle.

**(c)-(h)** [No Change]

### RULE 21-3.1.   CONTINUING LEGAL EDUCATION

**(a)-(c)**  [No Change]

**(d)  Minimum Ongoing Requirement.**  A lawyer certified to practice law in Florida as a military spouse must complete 10 hours of continuing legal education during each year the authorization is renewed, including 1 hour of technology and 2 hours of legal ethics, professionalism, substance ~~abuse~~use disorder, or mental health and wellness each year.